```
        IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

          MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION


IN RE:                          )
                                )
THOMAS P. McBRIDE and           )
SABRINA W. McBRIDE,             )
                                )
    Debtors.                    )
                                )
THOMAS P. McBRIDE, SABRINA      )
W. McBRIDE, LARRY C.            )
WALLACE and DEBRA T.            )
WALLACE, individually and       )
on behalf of all others         )
similarly situated,             )
                                )
    Plaintiffs,                 )
                                )   CIVIL ACTION NO.
    v.                          )    1:10mc3498-MHT
                                )        (WO)
CITIMORTGAGE, INC.,             )
                                )
    Defendant.                  )
```

OPINION

This case is before the court on defendant CitiMortgage, Inc.'s motion to withdraw the bankruptcy reference and transfer to the district court. For the reasons detailed below, the motion will be denied.

This motion has its origins in an adversary proceeding pending in the United States Bankruptcy Court for the Middle District of Alabama, McBride, et al. v. CitiMortgage, Inc., 09-01061-WRS (Bankr. M.D. Ala.). The crux of the adversary proceeding is the plaintiffs' allegation that CitiMortgage filed fraudulent and improper affidavits in underlying bankruptcy cases involving the plaintiffs and others similarly situated to them.

The plaintiffs filed their complaint and motion for class certification in the bankruptcy court on July 20, 2009. In October, they amended their complaint, and CitiMortgage moved to dismiss the proceeding. In January 2010, the bankruptcy court denied CitiMortgage's motion to dismiss. CitiMortgage then answered the complaint, moved to withdraw the reference, and requested a jury trial. The bankruptcy court has since denied CitiMortgage's jury demand.

28 U.S.C. § 157(d) affords district courts discretion to grant a permissive withdrawal for "cause."[1] Although there is no statutory definition of the word "cause," the Eleventh Circuit Court of Appeals has concluded that it is not "an empty requirement," In re Parklane/Atlanta Joint Venture, 927 F.2d 532, 536 (11th Cir. 1991); the burden of demonstrating grounds for withdrawal is on CitiMortgage. In re Tate, 2010 WL 320488, at *8 (S.D. Ala. 2010) (Steele, J.) (citations omitted).

When determining if there is sufficient cause for a withdrawal, district courts consider: (1) the advancement of uniformity in bankruptcy administration; (2) decreasing forum shopping and confusion; (3) promoting the economical use of the parties' resources; and (4) facilitating the bankruptcy process. In re Simmons, 200 F.3d 738, 742 (11th Cir. 2000) (quoting Holland Am. Ins. Co. v. Succession of Roy, 777 F.2d 992 (5th Cir. 1985)).

---

1. § 157(d) also includes a mandatory withdrawal provision, but CitiMortgage does not invoke this prong.

Additional factors that may be considered include: (1) whether the claim is core or non-core; (2) efficient use of judicial resources; (3) a jury demand; and (4) prevention of delay.  In re Price, 2007 WL 2332536, at *2 (M.D. Ala. 2007) (Thompson, J.) (citations omitted).

CitiMortgage argues that because it has a Seventh Amendment right to a jury trial, and, because it refuses to consent to the trial taking place in bankruptcy court, this court should withdraw the reference.  Federal bankruptcy courts have the power to hold a jury trial only "if designated to exercise such jurisdiction by the district court and with the express consent of all the parties." 28 U.S.C. § 157(e).  CitiMorgage further insists that the reference should be withdrawn because the adversary proceeding is non-core and because judicial economy and efficiency favor a withdrawal.

Recently, in In re Tate in the Southern District of Alabama, CitiMortgage brought a motion similar to the one in this case.  The underlying facts of Tate are

4

substantially the same as this case's facts, and CitiMortgage's arguments in favor of withdrawal were parallel to those presented here.  The Tate court denied CitiMortgage's request to withdraw the reference, and this court agrees with that court's ultimate decision and analysis regarding each of CitiMortgage's contentions:

Jury demand: As in Tate, CitiMortgage focuses its § 157(d) motion on its demand for a jury trial.  However, there is no jury demand pending in this proceeding.  The bankruptcy court granted the plaintiffs' motion to strike CitiMortgage's jury demand in the adversary proceeding, and there is no other jury demand pending.  There is thus no jury demand to which a Seventh Amendment right might attach.  "That CitiMortgage may have previously asserted a right to jury trial does not provide a viable basis for withdrawing the reference pursuant to § 157(d), where the jury demand has subsequently been stricken."  Tate, 2010 WL 320488, at *8.[2]

---

    2. As discussed in Tate, "even if the Bankruptcy
(continued...)

<u>Non-core proceeding</u>: CitiMortgage contends that, because the adversary proceeding is not a core proceeding, the reference should be withdrawn. As discussed above, whether an action is core or non-core is an appropriate factor to weigh in determining whether to withdraw the reference. <u>In re Price</u>, 2007 WL 2332536, at *2. However, "CitiMortgage's underlying premise (<u>i.e</u>., that the Adversary Proceeding is not a core proceeding) is unfounded." <u>Tate</u>, 2010 WL 320488, at *9. In both <u>Tate</u> and <u>Thigpen v. Matrix Fin. Servs. Corp.</u>, 04-01035 (Bankr. S.D. Ala.), another case involving identical accusations against CitiMortgage, the bankruptcy courts found that "[t]he matter is a 'core proceeding' because whether [CitiMortgage] abused the bankruptcy process is

---

2. (...continued)
Court's decision to strike CitiMortgage's jury demand was erroneous, the mere presence of a jury demand would not justify withdrawal of the reference at this time. Federal courts have universally held that 'a Seventh Amendment jury trial right does not mean the bankruptcy court must instantly give up jurisdiction and that the case must be transferred to the district court.'" <u>Tate</u>, 2010 WL 320488, at *8 (citations omitted).

integrally involved in the bankruptcy court's authority to enforce its own orders and procedures." Tate, 2010 WL 320488, at *9.  As this case involves allegations of abuse of the bankruptcy process in a core proceeding, it qualifies as a core proceeding as well.  Id.; see also Matter of Hipp, Inc., 895 F.2d 1503, 1517 (5th Cir. 1990) (collecting cases reasoning that "civil contempt is itself core because it is inseparable from the obviously core proceedings that the civil contempt power helps to facilitate").

In any event, Even if CitiMortgage were correct that this adversary proceeding is non-core, this consideration would be one factor of many weighed to determine whether to withdraw the reference, and it would not outweigh other, heavier, factors. Because "[t]his action is fundamentally about whether a bankruptcy litigant engaged in chronic, repeated misconduct, and whether civil contempt sanctions should be levied against that party ... it is the Bankruptcy Court that should decide--at

least in the first instance--whether sanctions are appropriate, and if so what those sanctions should be, pursuant to § 105 and that court's inherent powers." Tate, 2010 WL 320488, at *10.

Judicial economy: CitiMortgage also argues that this court should withdraw the reference because it has the right to appeal the bankruptcy court's decisions and, as a result, "it would be more efficient for the District Court to handle this action from the early stages." Def.'s mot. 12.  But, "[i]f accepted, this kind of reductionist reasoning would result in the reference always being withdrawn from the Bankruptcy Court in the name of efficiency because of the omnipresent possibility of appeal."  Tate, 2010 WL 320488, at *10.  Moreover, CitiMorgage ignores that the bankruptcy court "ha[s] a fundamental and direct interest in handling this proceeding[,] ... has the necessary expertise to do so, has knowledge of the underlying proceedings that form the basis of plaintiffs' claims, and has found that typically

these cases are resolved short of trial, presumably obviating the need for duplication of effort on appeal." Id.

Finally, CitiMortgage's argument that the district court should withdraw the reference in order to allow it to appeal the bankruptcy court's class certification is without merit. The bankruptcy court has not decided whether to certify the class, and, therefore, it is purely speculative that CitiMortgage will want to appeal said order, when it is entered. Moreover, "the [Fed.R.Civ.P.] 23(f) interlocutory appeal right is not absolute, but is merely discretionary, so there are no guarantees of immediate appeal even under that framework." Tate, 2010 WL 320488, at *10 n.21.

An appropriate judgment will be entered.

DONE, this the 23rd day of April, 2010.

                         /s/ Myron H. Thompson
                      UNITED STATES DISTRICT JUDGE